IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES R. FEATHERSTONE,

    Plaintiff,          No. 2:08-cv-2354-JFM (PC)

  vs.

PERRY RENIFF, Sheriff, et al.,

    Defendants.        <u>ORDER</u>

_____/

      Plaintiff is a former state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

      By order filed January 15, 2009, plaintiff's original complaint was dismissed with leave to file an amended complaint. On February 10, 2009, plaintiff filed an amended complaint.

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, id. However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" Erickson v. Pardus, __ U.S. __, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, slip op. at 7-8, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff's amended complaint contains allegations similar to those in his original complaint, as set forth in this court's January 15, 2009 order. See Order filed January 15, 2009, 2-3. In the amended complaint, as in the original complaint, plaintiff names the Sheriff of Butte County and the Director of the CDCR. Plaintiff seeks money damages.

/////

In the court's January 15, 2009 order, plaintiff was advised, inter alia, that the Civil Rights Act under which this action was filed requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff was further advised that "supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged", and that "vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient." Order filed January 15, 2009, at 3 (citations omitted)

As with the original complaint, there are no allegations in the amended complaint setting forth specific acts or omissions by either of the named defendants in connection with the events complained of, and the amended complaint overtly alleges that the two defendants named in this action have been so named "due to their supervision as superior of C.D.C.R. & Butte Co. Jail." Amended Complaint, filed February 10, 2009, at 3. For that reason, the complaint does not state a cognizable claim for relief against either defendant. The court has given plaintiff an opportunity to cure this specific defect by amendment of the complaint, and has specifically advised plaintiff that the defect could be cured either by naming as defendants individuals personally involved in the events complained of or by alleging specific acts or omissions by one or more of the presently named defendants, or both. See Order filed January 15, 2009, at 4. Plaintiff has failed to cure the defect identified in the court's original screening order. Good cause appearing, the court will give plaintiff one final opportunity to amend the complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how his retention in custody resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the second amended complaint must allege in specific terms how each named defendant was involved in keeping plaintiff in custody. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, any amended complaint supersedes prior complaints. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the prior pleadings no longer serve any function in the case. Therefore, in a second amended complaint, as in any prior complaint, each claim and the involvement of each defendant must be sufficiently alleged.

On March 17, 2009, plaintiff filed a request for entry of default. The Sheriff of Butte County and the Butte County Sheriff's Department, who answered plaintiff's original complaint prior to this court's January 15, 2009 screening order, have filed a response to the request. For the reasons set forth in this order, the amended complaint does not state a cognizable claim for relief against either of the defendants named therein. A fortiori, defendants are not in default for failing to respond thereto.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed.

       2. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

            a. The completed Notice of Amendment; and

            b. An original and one copy of the Second Amended Complaint.

Plaintiff's second amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

       3. The Clerk of the Court is directed to send plaintiff the court's form civil rights complaint and accompanying instructions.

       4. Plaintiff's March 17, 2009 request for entry of default is denied.

DATED: April 23, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

12
feat2354.14amd

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES R. FEATHERSTONE,

    Plaintiff,                                No. 2:08-cv-2354-JFM (PC)

    vs.

PERRY RENIFF, Sheriff, et al.,           <u>NOTICE OF AMENDMENT</u>

    Defendants.

_____/

    Plaintiff hereby submits the following document in compliance with the court's order filed _____:

    _____     Second Amended Complaint

DATED:

                                                                                  Plaintiff