1

2

3

4

5

6

7

8             IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JAMES R. FEATHERSTONE,

11            Plaintiff,              No. 2:08-cv-2354-JFM (PC)

12        vs.

13   PERRY RENIFF, Sheriff, et al.,        ORDER AND

14            Defendants.             FINDINGS AND RECOMMENDATIONS

15   _____/

16            Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil

17   rights action pursuant to 42 U.S.C. § 1983.  In his second amended complaint, filed May 26,

18   2009, plaintiff claims that defendant Matthew Cate, the Director of the California Department of

19   Corrections and Rehabilitation (CDCR), violated plaintiff's constitutional rights by failing to

20   remove a hold placed on plaintiff after his conviction and prison commitment were vacated.

21   Plaintiff alleges that this hold prevented him from being released on bail from the Butte County

22   Jail pending retrial.  Plaintiff seeks money damages.  This matter is before the court on

23   defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

24            STANDARDS FOR A MOTION TO DISMISS

25            Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to

26   dismiss for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

1    In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept as

2    true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197

3    (2007), and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes,

4    416 U.S. 232, 236 (1974). In order to survive dismissal for failure to state a claim a complaint

5    must contain more than "a formulaic recitation of the elements of a cause of action;" it must

6    contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell

7    Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007).  However, "[s]pecific facts are not

8    necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . .

9    claim is and the grounds upon which it rests."'"   Erickson, 551 U.S. 89, 127 S.Ct. at 2200

10   (quoting Bell Atlantic at 554, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957).

11                                    DEFENDANT'S MOTION

12           Defendant Cate makes three arguments in support of dismissal.  First, he contends

13   that the Eleventh Amendment bars plaintiff's claim for money damages against defendant Cate in

14   his official capacity.  This contention is correct.  See Edelman v. Jordan, 415 U.S. 651, 675-76

15   (1974).

16           Second, defendant Cate contends that he may not be held liable in his personal

17   capacity based solely on his supervisory role in CDCR and that plaintiff has failed to allege any

18   facts that suggest his personal involvement in the events complained of.  However, plaintiff

19   specifically alleges that "defendant failed to remove a hold placed on plaintiff. . . ."  Second

20   Amended Complaint at 3.  This is a sufficient allegation of personal involvement to withstand

21   defendant's second argument.

22           Finally, defendant Cate contends that plaintiff's claim is barred by Heck v.

23   Humphrey, 512 U.S. 477 (1994) and its progeny.  In Heck, the United States Supreme Court held

24   that a suit for damages on a civil rights claim concerning an allegedly  unconstitutional

25   conviction or imprisonment cannot be maintained absent proof "that the conviction or sentence

26   has been reversed on direct appeal, expunged by executive order, declared invalid by a state

                                               2

1  tribunal authorized to make such determination, or called into question by a federal court's

2  issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  Heck, 512 U.S. at 486.  Under Heck, the

3  court is required to determine whether a judgment in plaintiff's favor in this case would

4  necessarily invalidate his conviction or sentence.  Id.  If it would, the action must be dismissed

5  unless the plaintiff can show that the conviction or sentence has been invalidated.

6          In support of this contention, defendant has requested that the court take judicial

7  notice of several court documents regarding petitions for collateral relief filed by plaintiff in the

8  state courts in connection with the state criminal proceedings underlying the claim at bar.

9  Plaintiff has not opposed the request for judicial notice and, in any event, the documents tendered

10  by defendant are properly subject to judicial notice.  See Fed. R. Evid. 201; see also Reyn's Pasta

11  Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (citing Burbank-Glendale-

12  Pasadena Airport Auth. v. City of Burbank, 136 F.3d 1360, 1364 (9th Cir. 1998) (court "may

13  take judicial notice of court filings and other matters of public record.").  Accordingly,

14  defendant's request for judicial notice will be granted.[1]

15          In the second amended complaint, plaintiff alleges that on November 21, 2007, a

16  state court judge granted a petition for writ of habeas corpus that plaintiff had filed, vacating

17  plaintiff's criminal conviction and prison sentence.  Second Amended Complaint, at 3.

18  Defendant has requested judicial notice of the state court's order, which finds that plaintiff

19  received ineffective assistance of counsel and provides that his no contest plea to the criminal

20  charges is withdrawn and his not guilty plea reasserted.  Request for Judicial Notice (RJN) 42.

21  With the granting of the petition, plaintiff's prison commitment was vacated, and the court

22  further ordered plaintiff's property "returned to the Butte County Jail."  RJN 43.  Plaintiff was

23  returned to Butte County Jail pending retrial.  See RJN 52.  Thereafter, plaintiff was convicted

24

25          [1] On this motion to dismiss, the court may consider matters properly subject to judicial
notice without thereby converting the motion to a motion for summary judgment.  See Emrich v.
26  Touche Ross & Co., 846 F.2d 1190, 1198 (9th Cir. 1988).

3

1   pursuant to a plea of nolo contendere and sentenced to five years in state prison.  RJN 55.  He

2   was given credit for 949 days spent in custody, including 158 days of actual local time and 316

3   days of local conduct credits.  RJN 76, 78.

4          Plaintiff's claim implicates the validity of his confinement in the Butte County

5   Jail pending retrial.  It also implicates the length of his continuing confinement because plaintiff

6   was granted credit against his current sentence for the time spent at the Butte County Jail.  A

7   judgment in plaintiff's favor would call into question the validity of his detention in the Butte

8   County Jail pending retrial and, correspondingly, the length of his current term of incarceration.

9   The validity of the alleged parole hold and its impact on plaintiff's detention at the Butte County

10  Jail has not been invalidated, and he is still serving the prison term against which that time was

11  credited.  Accordingly, plaintiff's claim is barred by the rule announced in Heck v. Humphrey

12  and must be dismissed without prejudice.  See Heck, 512 U.S. at 486-87.

13         In accordance with the above, IT IS HEREBY ORDERED that:

14         1.  Defendant's request for judicial notice is granted;

15         2.  The Clerk of the Court is directed to assign this action to a United States

16  District Judge; and

17         IT IS HEREBY RECOMMENDED that:

18         1.  Defendant's March 2, 2010 motion to dismiss be granted; and

19         2.  This action be dismissed.

20         These findings and recommendations are submitted to the United States District

21  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

22  days after being served with these findings and recommendations, any party may file written

23  objections with the court and serve a copy on all parties.  Such a document should be captioned

24  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

25  objections shall be filed and served within fourteen days after service of the objections.  The

26  /////

4

1  parties are advised that failure to file objections within the specified time may waive the right to

2  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3  DATED: April 29, 2010.

4

5

6

UNITED STATES MAGISTRATE JUDGE

7

8

12
feat2354.mtd

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26